**IN THE UNITED STATES COURT OF APPEALS
FOR THE ELEVENTH CIRCUIT**

**DONALD J. TRUMP, et al.,**

**Appellants,**

**v.**

**HILLARY R. CLINTON, et al.,**

**Appellees.**

.

**On Appeal from the United States District Court
for the Southern District of Florida**

**APPELLANT DONALD J. TRUMP'S RESPONSE TO
APPELLEE ORBIS BUSINESS INTELLIGENCE LTD.'S
FED. R. APP. P. 38 MOTION FOR DAMAGES AND COSTS**

**JARED J. ROBERTS, ESQ.**  **RICHARD C. KLUGH, ESQ.**
**JESSE R. BINNALL, ESQ.**  **Counsel for Appellant**
**BINNALL LAW GROUP, PLLC** **40 N.W. 3rd Street, PH1**
**717 King Street, Suite 200**  **Miami, Florida 33128**
**Alexandria, Virginia 22314**  **Tel. (305) 536-1191**
**Tel. (703) 888-1943**

## CERTIFICATE OF INTERESTED PERSONS AND
## CORPORATE DISCLOSURE STATEMENT

Appellants file this Certificate of Interested Persons and Corporate Disclosure Statement, listing the parties and entities interested in this appeal, as required by 11th Cir. R. 26.1.

ABC Corporations

Aytch, Enjoliqué Dion

Barry, Stephen

Barzee, William R.

Berkowitz, Sean M.

Berman, Joshua Adam

Binnall, Jesse R.

Bosworth, Michael S.

Brozinsky, Noah

Ceresney, Andrew J.

Clattenburg, Rachel

Clinesmith, Kevin

Clinton, Hillary R.

Comey, James

Crenny, Kevin P.

*Donald J. Trump, et al. v. Hilarie R. Clinton, et al.,*
Case Nos. 22-13410-H, 23-10387-H, 23-13177-H
Certificate of Interested Persons (Cont'd)

Crowley, Shawn Geovjian

Danchenko, Igor

Democratic National Committee

DNC Services Corporation

Does' John

Dolan, Jr., Charles Halliday

Doumar, George R.A.

Eisen, Allison

Elias, Marc

Epps, Alexandra N.

Erickson-Pogorzelski, Anthony

Fassbender, Diana Marie

Feldman, Maximillian

Fels, Adam Seth

Fritsch, Peter

Fusion GPS

Garcez, Isabela M.

*Donald J. Trump, et al. v. Hilarie R. Clinton, et al.*,
Case Nos. 22-13410-H, 23-10387-H, 23-13177-H
Certificate of Interested Persons (Cont'd)

Garza, Kathryn E.

Gillenwater, James E.

Gonzalez, Juan Antonio

Greenberg, Gerald Edward

Habba, Alina

Habba Madaio & Associates

Harrington, Howard J.

Hart, Nancy

HFAAC, Inc.

Houlihan, Michael F.

Hunt, Patrick, Honorable

Janda, Sean R.

Joffe, Rodney

Kaplan, Roberta A.

Kastrenakes, Eleni Sevasti

Kendall, David Evan

Kiyonaga, Paul Y.

Klauber, Debra

*Donald J. Trump, et al. v. Hilarie R. Clinton, et al.*,
Case Nos. 22-13410-H, 23-10387-H, 23-13177-H
Certificate of Interested Persons (Cont'd)

Klugh, Richard C.

Letter, Douglas

Levine, Jonathan Edward

Levy, Joshua

Lipshultz, Zachary Andrew

Madaio, Michael T.

Markus, David Oscar

Martinez, Roberto

McCabe, Andrew

McCarthy, John

McNichols, John Marcus

Meeks, Katherine Moran

Mestitz, Michael

Middlebrooks, Donald M. Honorable

Monsour, Jr. Franklin George

Mook, Robert E.

Muha, Christopher

*Donald J. Trump, et al. v. Hilarie R. Clinton, et al.,*
Case Nos. 22-13410-H, 23-10387-H, 23-13177-H
Certificate of Interested Persons (Cont'd)

Neuman, Sarah E.

Neustar Security Services

Neustar, Inc.

Ohr, Bruce

Ohr, Nellie

Olmedo-Rodriguez, Jennifer

Orbis Business Intelligence, Ltd.

Otterberg, April A.

Page, Lisa

Peacock, Benjamin

Perkins Coie, LLC.

Pettis, Eugene K.

Pinto, Paola

Pittard, William

Podesta, John

Reines, Phillipe

Reilly, Wendy B.

*Donald J. Trump, et al. v. Hilarie R. Clinton, et al.*,
Case Nos. 22-13410-H, 23-10387-H, 23-13177-H
Certificate of Interested Persons (Cont'd)

Roberts, Jared Joseph

Rosenstein, Rod

Sainvil, Akiesha Renee Gilcrist

Salzman, Joshua M

Sasson, Jamie Alan

Schar, Reid J.

Schiff, Adam

Schultz, Deborah Wasserman

Sigler, Geoffrey M.

Simpson, Glenn

Soto, Edward

Southall, Samantha

Steele, Christopher

Stekloff, Brian L.

Strzok, Peter

Sullivan, Jake

Sussman, Michael

*Donald J. Trump, et al. v. Hilarie R. Clinton, et al.*,
Case Nos. 22-13410-H, 23-10387-H, 23-13177-H
Certificate of Interested Persons (Cont'd)

Terrell, Stephen R.

The Ticktin Law Group

Ticktin, Peter David

Touhey, James G.

Trout, Robert P.

Trump, Donald J.

Turner, Katherine M.

Tyrrell, Steven

United States of America

Warin, Francis Joseph

Neustar, Inc. is a wholly owned subsidiary of TransUnion, which is a
publicly traded entity at NYSE:TRU.

**APPELLANT DONALD J. TRUMP'S RESPONSE TO
APPELLEE ORBIS BUSINESS INTELLIGENCE LTD.'S
FED. R. APP. P. 38 MOTION FOR DAMAGES AND COSTS**

Appellant President Donald J. Trump, through counsel, hereby responds in opposition to the motion by Appellee Orbis Business Intelligence Ltd. seeking damages and costs pursuant to Fed. R. App. P. 38. Appellant asks that the Court deny the motion or, alternatively, carry the motion with the case.

1. **RICO conspiracy allegations of the complaint subject Orbis to personal jurisdiction and establish Orbis's liability. Appellant's arguments to that effect on appeal are not frivolous.**

Appellee Orbis Business Intelligence Ltd. ("Orbis")—the company founded by Christopher Steele, a former British intelligence agent internationally famous for his Steele Dossier, which consists of 35 pages of false and misleading claims that were designed to envelop Appellant in scandal and FBI investigations ahead of the 2016 election and thereafter—contends it is frivolous to argue that there is a statutory vehicle for obtaining personal jurisdiction over the company. Orbis argues that the means used to effect service of process were unauthorized. Orbis mot. at 4–5.

Orbis's contention, that seeking reversal of a dismissal order is frivolous because a plaintiff injured in the United States by a RICO conspiracy is barred from obtaining personal jurisdiction over the sole foreign conspirator, was not adopted by the district court. Instead, the district court assumed that personal jurisdiction could be asserted, at least under RICO's nationwide service provision. DE:267:17. Although the district court also concluded that jurisdiction under the alternative basis

of Florida's long-arm statute was lacking absent further allegations of actionable injury to Appellant in Florida, it is clear from the pleading-sufficiency basis of the dismissal order that if the dismissal had been without prejudice, any Florida long-arm jurisdictional defects were subject to cure.

Most importantly, for purposes of Orbis's present motion for costs, the argument Orbis now makes that RICO's nationwide service provision could never lead to service of process as to Orbis, *see* Orbis mot. at 4, was not made by Orbis in its motion to dismiss in the district court. And the district court disregarded any such contention belatedly made by Orbis following Appellant's filing of his response, DE:262, to the motion to dismiss.

Even if Orbis itself were not alleged to have taken actions causing injury in Florida, that would not bar personal jurisdiction under the nationwide service afforded by civil RICO. *See* 18 U.S.C. § 1965(b), (d). Actions taken by a foreign defendant that cause injury in the United States are not immune from suit. And, under well established principles of conspiracy law, actions taken in the United States by co-conspirators of a foreign defendant may subject the foreign defendant to liability under joint action or vicarious liability theories. *See In re Platinum & Palladium Antitrust Litig.*, 61 F.4th 242, 269 (2d Cir. 2023), *cert. denied*, 144 S. Ct. 681 (2024) (finding personal jurisdiction over foreign defendants by applying "conspiracy jurisdiction" which "'is based on the time-honored notion that the acts of a conspirator in furtherance of a conspiracy may be attributed to the other members

of the conspiracy'") (quoting *Textor v. Bd. of Regents of N. Ill. Univ.*, 711 F.2d 1387, 1392 (7th Cir. 1983)); *see id*. at 271 (jurisdiction available on the basis that a co-conspirator's overt acts in furtherance of the conspiracy had sufficient contacts with a state to subject that co-conspirator to jurisdiction, which "is not a difficult requirement to meet").

The district court in this case therefore proceeded on the assumption that if Appellant stated a RICO cause of action against Orbis, there would be a statutory basis for personal jurisdiction without regard to the defendant's Florida contacts. DE:267:17 (declining to determine whether there was any impediment to employing RICO statutory bases for assertion of personal jurisdiction "[b]ecause I have concluded that Plaintiff has failed to state a claim under RICO"); *see also* DE:267:21 (declining to address due process questions regarding personal jurisdiction given the court's conclusion that no RICO claim was validly pled).

Most importantly, contrary to the implication of Orbis's present motion, the district court plainly did not rule on the question of whether the method, manner, or location of service of process effected on Orbis as to the RICO claims was valid. Nor did the district court address whether, even if service of process was insufficient, dismissal or quashal of any ineffective service should be granted *without prejudice*. The district court simply did not reach the service-of-process component of the personal jurisdiction issue, and Orbis did not cross-appeal the court's failure to quash

the service of process. Orbis's claim (*see* Orbis mot. at 4–5, discussing location where process was served) that failing to appeal a matter that Orbis waived and that the district court did not address at all is meritless.

Accordingly, the instant appeal, which deals principally with the RICO pleading issues actually resolved by the district court, and not the process service (or location of process service) issues on which the district court did not rule or craft a remedy, must be judged on its merits in relation to the arguments actually made by Orbis in the district court, not the merits of arguments newly raised by Orbis as to the location or manner of service of process which formed no part of the district court's with-prejudice dismissal or other orders.

Sanctions under Fed. R. App. P. 38 are available only when parties raise "clearly frivolous claims in the face of established law and clear facts." *Farese v. Scherer*, 342 F.3d 1223, 1232 (11th Cir. 2003) (internal quotation marks omitted). Specifically, a claim is frivolous if it is "utterly devoid of merit." *Bonfiglio v. Nugent*, 986 F.2d 1391, 1393 (11th Cir. 1993). As described below, the appeal is not utterly devoid of merit. To the contrary, Orbis's motion, premised on a misreading of the district court's decision and the totality of the issues raised on appeal, is devoid of merit. There is a good faith basis for the appeal of each of the orders at issue, including the dismissal with prejudice of the complaint, a dismissal that rests on grounds other than personal jurisdiction. Whether service of process has already been

effected properly on Orbis or not, the dismissal with prejudice was not based on either a process service or jurisdictional finding. And Orbis's claim that it was not amenable to service of process in Florida when the dismissal order was entered does not make the appeal frivolous, where that was not the basis for the district court's ruling and was not even a timely raised argument in the district court. Appellant respectfully requests that this Court deny Orbis's motion for damages and costs or, alternatively, order that the motion be carried with the case.

2. **Orbis fails to address, much less argue frivolousness of, the core claims raised by Appellant on appeal which deal with dispositive orders, including: dismissal of the complaint *with prejudice* (Br. 10–36); imposition of sanctions (Br. 64–80); denial of reconsideration in light of the Durham Report (Br. 80–84); and denial of Appellant's disqualification motion (Br. 84–91).**

This appeal concerns the district court's orders dismissing Appellant's amended complaint with prejudice, imposing sanctions, denying reconsideration in light of the Durham Report, and ruling against disqualification. Notably, however, Orbis does not contend that the appeal from the district court's denial of leave to amend, or from the sanctions order, or from the failure to recuse, or from the failure to grant reconsideration, is frivolous. Orbis mot. at 1–12. Orbis's motion fails even to mention the district court's sanctions order, the disqualification matter, the reconsideration denial, or the crucial fact that the dismissal order was with prejudice and that the very first argument made on appeal is that leave to amend should have been granted. *See* Br. 10–12.

With regard to the appeal from the sanctions order, which is a crucial focus of the appeal, Orbis simply omits, and thereby waives, any contention of frivolousness regarding the issue. Instead, Orbis appends to its motion extra-record documents regarding litigation in England. But those documents do not relate to any sanctions order. The foreign documents filed by Orbis (and accompanying affidavit) relate to a costs judgment that Orbis obtained after a ruling by the English court on an entirely procedural basis relating to pleading, without a finding of fault on the part of the Appellant and without a determination of the merits of the underlying claim. *See* Orbis mot. at 11 & attached exhibits. Orbis cannot claim that the asserted foreign costs judgment was imposed as a sanction for impropriety of any kind, much less is any such impropriety apparent from the foreign court's non-merits ruling. More importantly, the exhibits reveal Orbis's effort to wrongly claim more than double its costs on appeal. *See* Orbis mot., Exh B at page 2 (order reducing by more than half Orbis's overinflated cost claim).

In failing to suggest that the appeal from the district court's sanctions order in the present case is frivolous, Orbis has functionally forfeited any claim at all for sanctions on appeal. All of the appellate arguments made by Appellant are pertinent to the sanctions appeal, from the procedural issues, to pleading formality concerns, to the decision on limited remand for reconsideration in light of the Durham Report, to the decision on the motion for disqualification. In other words, even if Orbis were

correct—and it plainly is not—that Appellant's arguments for reversing the with-prejudice dismissal order were frivolous, the appeal would still raise all the same points in order to fully address the sanctions orders.  By failing to allege that the sanctions appeal is frivolous, Orbis concedes therefore that the appeal itself is not frivolous.

Similarly, Orbis's motion does not contest, or even mention, the merits of Appellant's arguments for reversal on the basis of the district court's denial of disqualification or denial of reconsideration in light of the revelations of the Durham Report, whereby Appellant seeks de novo consideration of Orbis's and all other motions to dismiss the amended complaint.  Nothing in Orbis's motion suggests that the appeal of the district court's failure to disqualify or grant reconsideration lacks arguable merit.

An appeal is not frivolous if it establishes an arguable basis for reversal.  *See*, *e.g.*, *Sturgeon v. Airborne Freight Corp.*, 778 F.2d 1154, 1161 (1985) (citing *Hagerty v. Succession of Clement*, 749 F.2d 217, 222 (5th Cir.1984)).  Because Orbis's motion does not contend that any such reconsideration, disqualification, or sanctions argument by Appellant is frivolous, Orbis cannot claim the appeal, which seeks reversal of the Orbis dismissal ruling based on these issues as well as reversal of the with-prejudice dismissal order itself, is frivolous.  *See* Br. at 1 (first issue raised: "Whether the district court's dismissal of Plaintiff's complaint *with prejudice* must

be reversed ... .") (emphasis added). Orbis fails to acknowledge that Appellant seeks to amend the complaint to address any pleading defect perceived by the district court. Br. at 12. Leave to amend would also necessarily include any pleading insufficiency affecting application of the Florida long-arm statute, the personal jurisdiction basis that stands as an alternative to RICO' nationwide service.

And in the absence of any pleading defect, and upon establishing jurisdiction over any member of the RICO conspiracy, the district court would necessarily revisit its nondispositive analysis of the *Florida* long-arm statute. For these reasons, Orbis mistakenly complains that Appellant has not challenged on appeal the district court's application of the Florida long-arm statute to the allegations of the complaint. By appealing dispositive dismissal rulings dealing with the merits of the RICO claims and by arguing for reconsideration, for vacation of sanctions, and for transfer of the case, Appellant has, in good faith, raised issues of arguable merit within the relevant word limit, including preserving his contention that he should have the opportunity to amend or supplement the allegations of the complaint.

After amendment of the complaint, the district court would then review those allegations to determine if the requisites for Florida long-arm jurisdiction (as well as other jurisdictional bases) have at that time been established, even if the district court were correct in finding no satisfaction of such a means of asserting personal jurisdiction at the time of the dismissal order. *Cf. United Techs. Corp. v. Mazer*, 556

F.3d 1260, 1281 (11th Cir. 2009) (Florida's "long-arm statute can support personal jurisdiction over any alleged conspirator where any other co-conspirator commits an act in Florida in furtherance of the conspiracy, even if the defendant over whom personal jurisdiction is sought individually committed no act in, or had no relevant contact with Florida."); *NHB Advisors, Inc. v. Czyzyk*, 95 So. 3d 444, 448 (Fla. 4th DCA 2013)("[I]f ... the plaintiff has successfully alleged that any member of th[e] conspiracy committed tortious acts in Florida in furtherance of that conspiracy, then all of the conspirators are subject to the jurisdiction of Florida through its long-arm statute.").

In failing to address Appellant's challenge to the with-prejudice ruling, Orbis also misplaces reliance on precedent, *Don't Look Media Ltd. Liab. Co. v. Fly Victor Ltd.*, 999 F.3d 1284, 1292 (11th Cir. 2021), that would support at most a dismissal *without prejudice* if Orbis, on remand, were to actually challenging the location of service of process under RICO's nationwide service authorization and if the district court were to determine that Orbis waived the argument by failing to raise it previously by motion to dismiss or to quash service of process. *See* Orbis mot. at 4–5 (conflating non-merits process-service issues—which, in any event, the district court did not resolve, *see* DE:267:17—with merits issues). Orbis's citation of *Don't Look Media* in regard to the application of the nationwide service provision of RICO is notable because this Court affirmed dismissal *without prejudice* and did not suggest

9

dismissal with prejudice would ever be appropriate where the defendant could still be served if it appeared or made itself amenable to service anywhere in the United States.

### 3. Orbis improperly relies on personal jurisdiction arguments it waived below and on which the district court neither relied nor even addressed.

Orbis asserts in this Motion that sanctions are warranted because it argued in its motion to dismiss in the court below that RICO does not allow for international service. Orbis mot. at 4. Such an argument, however, is nowhere to be found in Orbis' motion to dismiss. *See generally* DE:260. Specifically, what Orbis argued was that there was no general jurisdiction because it is not "at home" in Florida and no specific jurisdiction because it did not purposefully avail itself of the benefits of Florida. *Id.* at 7-12. At no point in its motion to dismiss did Orbis argue that RICO's nationwide service provision is inapplicable to it. Instead, Orbis raised this argument for the first time in its reply brief in support of its motion to dismiss. See DE:266:2. This argument has, therefore, been waived.[1]

It is well established that arguments presented for the first time in a reply memorandum "are deemed waived." *ripKurrent LLC v. Richard Ballard IRA LLC*,

---

[1] In his opening brief, Appellant argued that the district court had personal jurisdiction over Orbis because of the RICO statutes' nationwide service provision pursuant to 18 U.S.C. § 1965(b) and because Orbis had minimum contacts with the United States. Br. at 40-41.

530 F.Supp.3d 1281, 1297 (S.D. Fla. 2021) (citing *In re Egidi*, 571 F.3d 1156, 1163 (11th Cir. 2009)); *see also Rankin v. Celebrity Cruises, Ltd.*, 489 Fed. Appx. 362, 362 n.1 (11th Cir. 2012) ("[T]he law of this circuit is clear that arguments which are first raised in a reply brief are deemed waived."). Orbis's argument that RICO does not allow for international service was waived in the district court.

Hence, it was appropriate for the district court to disregard such arguments entirely in its dismissal order. *See* DE:267:17. The district court found there to be no personal jurisdiction pursuant to RICO because it found that Appellant's RICO claim failed to state a claim. *Id.* Appellant appealed on this ground. Br. 40–41. The logic follows that if the district court had not dismissed Appellant's RICO claim, it would have had personal jurisdiction over Orbis. Thus, given the status of the record, Appellant's pursuit of his appeal against Orbis is not "utterly devoid of merit." *Bonfiglio*, 986 F.2d at 1393. Notably, in its motion, Orbis does not challenge that it had the requisite minimum contacts with the United States that the RICO statute requires.

Although Orbis claims that it "argued in its motion to dismiss [that Appellant] never served Orbis according to RICO's nationwide service of process provision," Orbis mot. at 4, a review of Orbis's motion to dismiss (DE:260:4–5) shows that Orbis did not even mention, much less examine the application of, the nationwide service provision of RICO; instead, Orbis addressed only Florida's long-arm statute. Orbis's

dismissal motion does not make any reference to "nationwide" service or the relevant statute (18 U.S.C. § 1965); and the dismissal motion did not cite *Don't Look Media* or any similar authority.  Orbis's waiver in the district court of its primary argument of its present motion's primary argument for frivolousness, along with Orbis's failure to make any claim that the appeal from the sanctions, reconsideration, or disqualification orders is frivolous, provides a compelling basis for denying the motion for costs as improvidently and prematurely filed.

Orbis's motion is meritless and should be denied.  The motion rests on mischaracterization of Orbis's relevant motion to dismiss the complaint and the district court's corresponding dismissal rulings.

Orbis has also improperly (i.e., without moving to expand the record on appeal) presented arguments, an affidavit, and exhibits concerning a lawsuit in England that was ruled on without a determination of the merits, a foreign-law matter that did not exonerate Orbis of any of the wrongdoing alleged in this case.  Instead, the only relevant consideration in the improper exhibit filing by Orbis is that a trial court in England found Orbis's submissions to the court had improperly overinflated Orbis's costs and fees by more than 100%.  Orbis mot., Exh. B at 2.

Orbis's erroneous claim that it preserved in the district court an argument that service of process on Orbis could not be effected under the RICO nationwide service provision because Orbis was served in England, Orbis mot. at 4–5, is waived.  The

argument now made by Orbis, that nationwide service of process cannot be effected if a foreign defendant is not found in the forum state, is itself foreign to Orbis's motion to dismiss. Orbis did attempt to make such an argument in its reply to Appellant's response to Orbis's motion to dismiss. *See* DE:266:2-3. Appellant had no opportunity to respond to such an argument and, unsurprisingly, the district court disregarded the untimely argument. The district court was fully authorized to disregard any such argument about use of the nationwide service of process provision. The district court instead ruled solely on the substance of the complaint's allegations *without ruling on the basis of the absence of personal jurisdiction*.

The district court did not address the formal means employed to serve Orbis, much less whether any deviation from the nationwide service limitations called for dismissal with prejudice. *See* DE:267:17. Orbis cannot reasonably seek sanctions against Appellant on an issue that Orbis waived in the district court and which the district court therefore did not address. Even though Orbis fails to acknowledge that the district court failed to address any issue as to RICO's nationwide service provision or the location of service of process and that Orbis abandoned the very argument on which it rests the bulk of is present sanctions motion, Orbis's effort to obtain sanctions based on arguments it waived and which formed no part of the district court's dismissal or sanctions rulings below is clearly unfounded and warrants denial or striking of the motion.

Orbis otherwise appears to acknowledge that even if an amendment of the complaint could not satisfy the Florida long-arm statute, service under the nationwide service provision would be warranted if the RICO claim survived facial merits review and if service could be effected in some state and under that state's service of process statutes. The courts of appeals have explained that service for RICO claims need not rely solely on the long-arm statute of the state where the complaint is filed and instead may use the long-arm statute of any state in which a defendant is found to be amenable to service. *See*, *e.g.*, *Pinker v. Roche Holdings Ltd.*, 292 F.3d 361, 369 (3d Cir. 2002) ("Where Congress has spoken by authorizing nationwide service of process, therefore ... the jurisdiction of a federal court need not be confined by the defendant's contacts with the state in which the federal court sits."). As this Court explained in *Republic of Panama v. BCCI Holdings (Luxembourg) S.A.*, 119 F.3d 935, 946–47 (11th Cir. 1997), a federal court's personal jurisdiction may be assessed on the basis of the defendant's *national* contacts when the plaintiff's claim rests on a federal statute authorizing nationwide service of process. *See also Busch v. Buchman, Buchman & O'Brien, Law Firm*, 11 F.3d 1255, 1258 (5th Cir.1994) ("When a federal court is attempting to exercise personal jurisdiction over a defendant in a suit based upon a federal statute providing for nationwide service of process, the relevant inquiry is whether the defendant has had minimum contacts *with the United States*.") (emphasis added).

14

In this case, because certain defendants, including Danchenko, operated effectively as agents of Orbis in Virginia, the service provisions of Virginia law, which extend to service if a defendant's agent causes tortious injury, create a basis for personal jurisdiction. *See* Virginia Code § 8.01-328.1(A)(3) ("A court may exercise personal jurisdiction over a person, who acts directly or by an agent, as to a cause of action arising from the person's ... [c]ausing tortious injury by an act or omission in this Commonwealth.").

## 4. **Orbis' Remaining Arguments Fail**.

Orbis continues by contending that it is entitled to sanctions because Appellant does not argue as a ground for reversal that the district court erred in concluding that personal jurisdiction could not be satisfied through Florida's long-arm statute under the present version of the complaint. Motion at 6-8. But the dismissal was based on the failure to state a RICO claim without reaching whether, but for that claimed deficiency, personal jurisdiction could be established. The district court's conclusion about an alternative means of obtaining personal jurisdiction (Florida's long-arm statute) was therefore not an independent basis for dismissal, much less for dismissal with prejudice. The core issue for the district court was whether RICO claims were pled at all; the district court did not dismiss for lack of personal jurisdiction. Particularly because an appellant may reasonably limit briefing to matters that would lead to reversal of a with-prejudice dismissal order, failing to separately address a

component of the personal jurisdiction analysis that was not dispositive of the with-prejudice dismissal in no way converts the appeal into a frivolous filing. In this instance, as discussed, Appellant argued the record warranted overturning the district court's finding on Appellant's RICO claim which would, by extension, establish personal jurisdiction over Orbis or permit amendment of the complaint to do so.

Tellingly, Orbis has not presented any case law in support of the premise that failure to address every point in an order means the appeal is meritless and sanctionable. The cases Orbis does cite merely discuss whether there is a reasonable expectation of success on appeal. Orbis mot. at 8. And as discussed, there is a reasonable expectation that personal jurisdiction would be obtained by overruling the district court's erroneous RICO findings or the with-prejudice component of the dismissal order.[2]

---

[2] Following the Durham Report, amendment of the complaint is particularly warranted. The complaint alleged some, but not all of the facts revealed in the Report. The complaint alleged Orbis and its owner, Christopher Steele, were central to the RICO scheme. DE:177:¶ 94. Elias authorized the retainer of Orbis, DE:177:¶ 98, selected because Steele "was desperate that Donald Trump not get elected," DE:177:¶ 95, and because Orbis had since 2011 contracted with Danchenko, with linkage to Dolan, and his ties to the Clinton campaign. DE:177:¶ 96. The "collective understanding regarding the true nature of the Dossier [was] it would contain unverified, falsified, and fraudulent information which would be fed to law enforcement to perpetuate a false narrative" of collusion with Russia. DE:177:¶ 104, Steele provided the false information in the Dossier to the FBI knowing it was false. DE:177:¶ 158, and directly shared the information with the Clinton campaign, DE:177:¶ 169, and with the media in an attempt to add credibility. DE:177:¶ 174. Steele went to various press briefings to discuss the Dossier. DE:177:¶¶ 227-28. He

As explained in Appellant's opposition to Orbis's motion to dismiss, jurisdiction is proper pursuant to Fla. Stat. § 48.193(1)(a)(2) if Orbis engaged in a conspiracy that caused injury in Florida. DE:262:4. Florida long-arm jurisdiction extends to an alleged conspirator if a co-conspirator commits a pertinent overt act in the state. There being several avenues through which personal jurisdiction may have been established, it cannot be said that Appellant's appeal is "utterly devoid of merit." *Bonfiglio*, 986 F.2d at 1393.

Sanctions would also be improper because the case was dismissed with prejudice. President Trump filed this appeal, in part, because of the dismissal with prejudice. Had the case been dismissed without prejudice, President Trump would have had several avenues to obtain personal jurisdiction over Orbis to obtain a ruling on the merits against it. Additionally, there is the supervening issue in this appeal that the district court judge did not disqualify himself when the record amply compelled him to do so. Such judicial misconduct further undermines the district

---

met with a reporter from Mother Jones to have the reporter publish that Trump was under investigation. DE:177:¶¶ 272-73. He met with Sussmann to discuss the fraudulent Alfa Bank story involving President Trump, and Sussmann billed his time to the Clinton campaign. DE:177:¶ 176. Steele then worked to disseminate this story to the media. DE:177:¶ 216. FBI would not have received a FISA warrant against a member of the Trump team, Carter Page, without having the Steele Dossier. DE:177:226. Just prior to Appellant's inauguration, Steele instructed the external IT provider to delete "all e-mail traffic relating to Orbis' assignment by Fusion GPS to gather intelligence regarding Russia's efforts to influence the U.S. Presidential election process and the links between Russia and Trump." DE:177:¶ 293. Steele primarily used Danchenko, who "admittedly fabricated his claims." DE:177:¶ 792.

court's findings warranting reversal. Orbis could not be bothered to even attempt to address this fact.

Still, even if this Court feels that Appellant would ultimately be unable to establish personal jurisdiction over Orbis, "a losing appeal is not synonymous with a frivolous one." *Brown v. Morehouse Coll.*, 829 Fed. Appx. 942, 946 (11th Cir. 2020). Appellant has articulated various ways in which he could have obtained personal jurisdiction over Orbis. None are frivolous. In the Tenth Circuit, in a case wherein the plaintiff attempted to establish personal jurisdiction under a conspiracy theory similar to the one Appellant advanced, the Tenth Circuit denied appellate sanctions. *Melea, Ltd. v. Jawer SA*, 511 F.3d 1060, 1071 (10th Cir. 2007). Specifically, the Tenth Circuit found "the theories of agency and conspiracy advanced by [the plaintiff], while perhaps unusual, are not so outrageous as to be frivolous." *Id.* Appellant is on even better footing than the plaintiff in *Melea*, given that existing law clearly establishes personal jurisdiction upon a finding that an underlying tort was committed.

Further, Orbis has not identified any case showing that appellate sanctions are appropriate where premised on an aspect of a personal jurisdiction dispute that was not independently dispositive in the district court and which would likely not have led to a with-prejudice dismissal order if it were. This is especially so where, as here, Appellant has advanced good-faith, soundly-based legal arguments for obtaining

personal jurisdiction, which may have succeeded, but for dismissal of the underlying causes of action. Accordingly, appellate sanctions are not warranted.

Finally, even if the Court were to find this appeal frivolous, an appellate decision on which Orbis itself relies makes clear that monetary sanctions are not mandatory under Rule 38. *Shirvell v. Gordon*, 602 Fed. Appx. 601, 608 (6th Cir. 2015). Instead, courts are to look at all circumstances to determine whether monetary sanctions are appropriate. *Id.* Given the worldwide presence of Orbis, as a self-described intelligence consultancy with an extensive global network, in addition to Orbis' own underlying egregious conduct, monetary sanctions would not be warranted.

## 5.   Orbis' Conduct Makes Heightened Sanctions Improper.

Finally, while arguing for double sanctions, Orbis attempts to deflect its own culpability by portraying itself as a victim. Public record, not least of which is established through the Durham Report, illustrates Orbis's malicious conduct against Appellant. Specifically, Christopher Steele and his firm, Orbis, were hired to report ties, which were fabricated, between Appellant and Russia. Durham Report at 12. Orbis then hired Igor Danchenko to assist. *Id.* at 127. Orbis paid Danchenko through a New Jersey-based company. *Id.* at 128. This resulted in the Steele Dossier, which was ultimately provided to the FBI. As was intended by each defendant, it was rife with knowing falsehoods and fabricated information. *Id.* at 12. But for Orbis's

conspiratorial actions, the fraudulent Steele Dossier would have never existed.

Orbis is not entitled to any sanctions, and it is most certainly not entitled to heightened sanctions including double costs. To do so would literally reward Orbis's fraudulent conduct which played a part in the RICO conspiracy and resulted in myriad damages extending beyond public harm to personal injury.

## CONCLUSION

For the foregoing reasons, Appellant respectfully requests that this Court deny Orbis Business Intelligence Ltd.'s motion for damages and costs. Alternatively, any question of costs or other damages should be carried with the case.

Respectfully submitted,

Jared J. Roberts, Esq.                  s/ Richard C. Klugh
Jesse R. Binnall, Esq.                  Richard C. Klugh, Esq.
BINNALL LAW GROUP, PLLC                 RICHARD C. KLUGH, P.A.
717 King Street, Suite 200              40 N.W. 3rd Street, PH1
Alexandria, Virginia 22314              Miami, Florida 33128
Tel. (703) 888-1943                     Tel. (305) 536-1191
Email: jared@binnall.com                rklugh@klughlaw.com
       jesse@binnall.com

*Counsel for President Donald J. Trump*

## CERTIFICATE OF COMPLIANCE

I hereby certify that this motion contains 4,970 words and complies with the typeface and type-style requirement of Fed. R. App. P. 32(a)(5) and (6) because it was prepared in a WordPerfect proportionally spaced Times New Roman 14-point font.

   s/ Richard C. Klugh
   Richard C. Klugh, Esq.