Nos. 22-13410, 22-14099, 23-10387, & 23-13177

# In the United States Court of Appeals for the Eleventh Circuit

---

DONALD J. TRUMP, ET AL.,
*APPELLANTS*

*v.*

HILLARY R. CLINTON, ET AL.,
*APPELLEES*

---

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
*(CASE NO. 22-CV-14102)*
*(THE HONORABLE DONALD M. MIDDLEBROOKS, J.)*

---

**SANCTIONS APPELLEES' REPLY IN SUPPORT OF THEIR MOTION REGARDING CONTENTS OF THE MANDATE**

---

DAVID OSCAR MARKUS
MARKUS/MOSS PLLC
  *40 NW 3rd Street, PH 1*
  *Miami, FL 33128*
  *(305) 379-6667*

DAVID E. KENDALL
KATHERINE M. TURNER
WILLIAMS & CONNOLLY LLP
  *680 Maine Avenue, S.W.*
  *Washington, DC 20024*
  *(202) 434-5000*

*Counsel for Sanctions Appellee Hillary Clinton*

*Additional Sanctions Appellees' Counsel listed in the signature block*

To avoid further, unnecessary post-mandate proceedings, Sanctions Appellees moved to ensure the mandate would include express language reflecting what the relevant statute says: that post-judgment interest runs from the dates of the underlying sanctions orders. This invocation of settled law was in no way "unprecedented." Opp. 1.

Appellants' opposition to the inclusion of this plain statement of the statutory requirement in the mandate is unfounded. First, federal law mandates the accrual of post-judgment interest and Appellants cite nothing to justify their novel contention that a district court's stay based on the submission of a supersedeas bond halts interest. Second, Appellants' arguments about waiver and ripeness are wrong. Putting aside that it is impossible for Sanctions Appellees simultaneously to have raised an issue too late (waiver) and too soon (ripeness), neither doctrine applies here because Sanctions Appellees are entitled to post-judgment interest as a matter of statutory right from the date of the underlying sanctions orders. Sanctions Appellees' motion to include language to that effect in the mandate is well-founded and should be granted.

1.  A supersedeas bond does not affect the rule that post-judgment interest is "mandatory," *Booth v. Pasco Cnty., Fla.*, 757 F.3d

1198, 1216 (11th Cir. 2014). Such interest "shall be allowed on any money judgment in a civil case recovered in a district court." 28 U.S.C. § 1961. And it accrues from the date of the district court's judgment until a party satisfies the judgment by ***paying*** the prevailing party. *See* Fed. R. App. P. 37; *see also Castor v. City of Plantation*, No. 24-cv-61960, 2025 WL 2324267 at *2–3 (S.D. Fla. July 22, 2025) (post-judgment interest ceases to accrue upon a "payment of the full amount [of the judgment] plus interest" to the prevailing party).

Neither the statute nor Federal Rule of Civil Procedure 37 has any exception for when a party posts a supersedeas bond to file an appeal and the district court orders a stay of payment pending the appeal. *See Aronowitz v. Health-Chem Corp.*, No. 04-60750-CIV, 2006 WL 8431481, at *4 (S.D. Fla. Sept. 13, 2006), *report and recommendation adopted*, No. 04-60750-CIV, 2007 WL 9698260 (S.D. Fla. Feb. 2, 2007) (28 U.S.C. § 1961 "does not provide that interest awards be stayed pending the appeal"). It would make no sense for such an exception to exist because a supersedes bond does not "satisf[y] the judgment"—it merely provides some measure of security that the judgment, if affirmed, will be satisfied.

Opp. 2 (citing *Zelaya/Capital Int'l Judgment, LLC v. Zelaya*, 769 F.3d 1296, 1302 (11th Cir. 2014)).

Appellants (at 2–3) quote *Zelaya* as supposed authority for their position that depositing any funds into a court registry stops the interest from continuing to accrue, but that case is inapposite. That case did not involve any posting of an appeal bond. To the contrary, Zelaya was not contesting the judgment at all; the remaining dispute was between "competing" parties seeking to claim the award. *Zelaya*, 769 F.3d at 1298. "[A]s the district court explained, Zelaya was 'ready and willing to pay the amount of the judgment' but found himself 'in a dilemma not of his own making.'" *Id.* at 1302. In those circumstances, the appellate court found that the district court had authority, pursuant to Federal Rule of Civil Procedure 67, to allow Zelaya to deposit the amount of the judgment, plus the post-judgment interest that had accrued to that point, into an interest-bearing account. *Id.* at 1298, 1302. Post-judgment interest "stop[ped] accruing once" Zelaya "deposited" the amount of judgment "into the court's registry" because Zelaya had satisfied his responsibilities by making "payment" to the court, which would in turn determine appropriate distribution of the funds. *Id.* at 1303. *Zelaya*

3

stands only for the legal principle that a party can cut off post-judgment interest by paying the entirety of the final judgment to the prevailing party, plus any accrued interest.

A supersedeas bond, in contrast, is not a substitute for "payment" of the final judgment because it is not designed as a payment to the prevailing party. *See* Fed. R. Civ. P. 62(b). Supersedeas bonds are a security to protect the rights of each party by "stay[ing] execution of a money judgment pending resolution of the appeal." *Chalfonte Condo. Apartment Ass'n, Inc. v. QBE Ins. Corp.*, 695 F.3d 1215, 1232 (11th Cir. 2012); *see also City of San Antonio, Texas v. Hotels.com, L. P.*, 593 U.S. 330, 333 (2021). With a supersedeas bond, the appellant avoids paying a final judgment that it ultimately might not be required to make (*i.e.*, if appellant wins on appeal). *Chalfonte*, 695 F.3d at 1232. The appellee avoids the "risk of the money [judgment] disappearing." *Exxon Valdez v. Exxon Mobil*, 568 F.3d 1077, 1085 (9th Cir. 2009) (Kleinfeld, J., concurring). Contrary to Appellants' assertion, posting such a bond therefore does **not** "reimburse the claimant for not having received the

4

money in hand on [the] day" of judgment. Opp. 3 (quoting *Ins. Co. of N. Am. v. Lexow*, 937 F2d 569, 574 n.4 (11th Cir. 1991)).[1]

Thus, courts have consistently distinguished a supersedeas bond from a final judgment payment and ordered post-judgment interest to run from the day of the final district court judgment even where a party posted a supersedeas bond. *See, e.g., Ctr. for Individual Rts. v. Chevaldina*, No. 16-cv-20905, 2023 WL 3778244, at *2–3 (S.D. Fla. Mar. 22, 2023) (ordering post-judgment interest to be recovered from supersedeas bond); *Morrison Knudsen Corp. Improvement Techniques, Inc.*, 532 F.3d 1063, 1071, 1085 (10th Cir. 2008) (awarding post-judgment interest despite supersedeas bond being in effect); *Cooper v. Dallas Police Ass'n*, No. 3:05-CV-1778-N, 2013 WL 5786437, at *5 (N.D. Tex. Oct. 28,

---

[1] In addition, at a basic level, the amount of a supersedeas bond (110% of the judgment with the 10% providing a cushion for interest) differs from the amount of the final judgment including interest (at the rate prescribed by 28 U.S.C. § 1961) because those formulas are different. *Compare* S.D. Fla. L.R. 62.1 (110% of judgment), *with McBride v. McMillian*, No. 1:15-CV-0815-AT, 2015 WL 13310486, at *7–8 (N.D. Ga. Nov. 4, 2015), *aff'd*, 679 F. App'x 869 (11th Cir. 2017) (explaining statutory formula). Thus, Appellants' assertion that Sanctions Appellees' are "fully secured," Opp. 2–3, is misguided.

5

2013) (supersedeas bond would not entitle party to "demand that no penalties incur until after he appeals the judgment").

It thus makes no sense for Appellants to assert that Sanctions Appellees seek an "inequitable windfall." Opp. 2–3. There is no windfall. The interest calculation is the same under 28 U.S.C. § 1961 regardless of the fact that Appellants posted a supersedeas bond to the court's registry as security for the district court to stay the judgment during the pendency of their appeal. Sanctions Appellees are "entitled" to post-judgment interest for the entire period from the date of the district court judgment through the date of payment—they are not asking for anything other than what they get under the law. *Morrison*, 532 F.3d at 1085. That Appellants have posted a bond on deposit with the court does nothing to change the fact that Sanctions Appellees do not have the money in hand, and continue to suffer the loss of use of the funds. In sum, the posting of a supersedeas bond as security for a stay under Federal Rule of Civil Procedure 62(b) is not the equivalent of a payment to satisfy a judgment, and therefore does not halt the accrual of post-judgment interest.

2.  Appellants contend (at 4–6) that Sanctions Appellees' motion is waived because Sanctions Appellees "seek belated review" of an issue

6

they should have first raised in the district court. Yet Appellants do not explain why Sanctions Appellees would have needed to have affirmatively requested post-judgment interest in the district court (let alone in this Court) when it is required by statute. 28 U.S.C. § 1961. Nor could they.

The prevailing party does not have to raise post-judgment interest preemptively or even in response to a judicial error because "such interest runs automatically by operation of law." *Vazquez-Filippetti v. Cooperativa de Seguros Multiples de Puerto Rico*, 723 F.3d 24, 28 (1st Cir. 2013). This is true even where the prevailing party does not seek post-judgement interest. *See Morrison*, 532 F.3d at 1085. A circuit court must also reinstate that interest even if a prevailing party did not object to its omission at the district court and even if a party "fails to appeal its omission." *Vazquez*, 723 F.3d at 28 & n.5. Appellants acknowledge this. They recognize this Court's precedent that there is no need "to request post-judgment interest in the district court" and that failing to do so does "not waive [Sanctions Appellees'] right to post-judgment interest." Opp. 7 (citing *BankAtlantic v. Blythe Eastman Paine Webber, Inc.*, 12 F.3d 1045, 1052–53 (11th Cir. 1994)).

7

And, certainly, Sanctions Appellees did not waive any right to post-judgment interest by consenting to the stays of the district courts' sanctions orders. Appellants secured those stays with supersedeas bonds. Sanctions Appellees did not, as Appellants claim (at 5–6), "accept" those bonds as payment of the final judgment. The posting of the supersedeas bond does not constitute payment and therefore has no impact whatsoever on the calculation of post-judgment interest, which by statute continues to run.

3. Appellants' judicial estoppel claim fares no better. Mentioning post-judgment interest in the context of the mandate is no "strategic reversal," let alone "egregious" conduct," Opp. 6 (citing *Smith v. Haynes & Haynes, P.C.*, 940 F.3d 635, 643 (11th Cir. 2019)), which would trigger judicial estoppel. Sanctions Appellees have filed their motion at this time—after the issuance of the appellate decision—only to avoid any ambiguity or dispute under Federal Rule of Appellate Procedure 37 as to whether the appellate decision had modified the relevant district court judgment. (It did not.)

4. Appellants also argue Sanctions Appellees motion is unripe, asserting without any explanation (at 3–4) that there is "an interest

8

dispute" requiring "factual and equitable determinations" by the district court. None of their cited cases explain what those determinations would or should be (let alone discuss post-judgment interest). Nor do Appellants identify the nature of the "interest dispute."

Regardless, Sanctions Appellees' "purely legal argument" that the mandate should include language about post-judgment interest "is presumptively ripe for judicial review." *Club Madonna, Inc. v. City of Miami Beach*, 924 F.3d 1370, 1380 (11th Cir. 2019). Under Federal Rule of Appellate Procedure 37(a) "if a money judgment in a civil case is affirmed, whatever interest is allowed by law is payable from the date when the district court's judgment was entered." Under Federal Rule of Appellate Procedure 37(b), if an appellate judgment "modifies" a district court order, "the mandate must contain instructions" about post-judgment interest. This Court's opinion left alone the sanctions awards and only modified a separate judgment regarding Orbis's dismissal with prejudice. *See Trump v. Clinton*, 161 F.4th 671, 683 (11th Cir. 2025).

Although Federal Rule of Appellate Procedure 37(b) should not apply given that this Court did not modify the sanctions orders, Sanctions Appellees properly requested this Court to include instructions about

9

post-judgment interest in the mandate—as is well within its authority to do—to avoid any ambiguity or dispute as to whether the appellate decision had modified the relevant district court judgment. *See* Br. 2–3. The request is not "contingent" on any future event and is ready to be resolved. *Atlanta Gas Light Co. v. FERC*, 140 F.3d 1392, 1404 (11th Cir. 1998) (quotation omitted). No matter what Appellants claim (at 5), nothing about post-judgment interest remains for the district court to decide because this Court did not disturb the district court's sanctions orders.

5. Finally, Appellants contend (at 6–8) that Sanctions Appellees' cases are "procedurally distinct" and inapposite. But Appellants mischaracterize the cases. Neither case stands for the propositions that the district court stay precludes post-judgment interest or that the Sanctions Appellees needed to raise post-judgment interest with the district court to avoid waiver. In *BankAtlantic v. Blythe Eastman Paine Webber, Inc.*, 12 F.3d 1045, 1053 (11th Cir. 1994), the Court found post-judgment interest available even though the prevailing party "never requested an award of post-judgment interest in the district court." *BankAtlantic* confirms there can be no "waive[r]" here. *Id*. And

*Bancamerica Com. Corp. v. Mosher Steel of Kansas, Inc.*, 103 F.3d 80, 81–82 (10th Cir. 1996) confirms that a circuit court must include language about post-judgment interest if it modifies a district court order—*i.e.*, it recognizes what Federal Rule of Appellate Procedure 37(b) says.  In neither case did a stay halt post-judgment interest.

For the reasons stated herein, Sanctions Appellees respectfully request that this Court grant their Motion Regarding Contents of the Mandate.

| | |
|---|---|
| Dated: February 17, 2026 | Respectfully submitted, |
| | WILLIAMS & CONNOLLY LLP |
| /s/ David Oscar Markus | By: */s/ David E. Kendall* |
| David Oscar Markus | David E. Kendall |
|   (Fla. Bar No. 119318) | Katherine M. Turner |
| MARKUS/MOSS PLLC | WILLIAMS & CONNOLLY LLP |
| 40 NW 3rd Street, PH 1 | 680 Maine Avenue, S.W. |
| Miami, FL 33128 | Washington, DC 20024 |
| Tel: (305) 379-6667 | Tel: (202) 434-5000 |
| | Fax: (202) 434-5029 |
| | dkendall@wc.com |
| | kturner@wc.com |

*Attorneys for Hillary Rodham Clinton*

/s/ Robert P. Trout
Robert P. Trout
Paola Pinto (Fla. Bar No. 1013933)
SCHERTLER ONORATO MEAD
& SEARS
555 13th Street, N.W.
Suite 500 West
Washington, D.C. 20004
Tel: (202) 628-4155
rtrout@schertlerlaw.com
ppinto@schertlerlaw.com

*Attorneys for HFACC, Inc. and John Podesta*

| | |
|---|---|
| /s/ Gerald Edward Greenberg | /s/ Shawn G. Crowley |

Gerald E. Greenberg
Florida Bar No. 440094
ggreenberg@gsgpa.com
GELBER SCHACHTER
&GREENBERG, P.A.
SunTrust International Center
One Southeast Third Avenue,
Suite 2600
Miami, FL 33131-1715
Tel: (305) 728-0950
efilings@gsgpa.com

Shawn G. Crowley
Anna Collins Peterson
HECKER FINK LLP
350 5th Avenue, 63rd Floor
New York, NY 10118
Tel: (212) 763-0883
scrowley@heckerfink.com
apeterson@heckerfink.com

*Attorneys for Democratic National Committee, DNC Services Corporation, and Debbie Wasserman Schultz*

/s/ Jonathan Edward Levine
Jonathan Edward Levine
  (Fla. Bar No. 937711)
LEVINE & ASSOCIATES, PLLC
5311 Lee Highway
Arlington, VA 22207
Tel: (703) 525-2669
jlevine@mbhylaw.com

/s/ George R.A. Doumar
George R.A. Doumar
DOUMAR MARTIN PLLC
1530 Wilson Blvd
Suite 1060
Arlington, VA 22209
Tel: (703) 352-1300
gdoumar@doumarmartin.com

*Attorneys for Charles Halliday Dolan, Jr.*

/s/ Andrew J. Ceresney
DEBEVOISE & PLIMPTON LLP
Andrew J. Ceresney
Wendy B. Reilly
66 Hudson Boulevard
New York, NY 10001
Tel: (212) 909-6000
aceresney@debevoise.com
wbreilly@debevoise.com

*Attorneys for Robert E. Mook*

| | |
|---|---|
| /s/ Adam S. Fels<br>Adam S. Fels<br>FRIDMAN FELS & SOTO PLLC<br>2525 Ponce de Leon Blvd.<br>Suite 750<br>Coral Gables, FL 33134<br>Tel: 305-569-7701<br>afels@ffslawfirm.com | /s/ Joshua A. Levy<br>Joshua A. Levy<br>Rachel Clattenburg<br>Kevin P. Crenny<br>LEVY FIRESTONE MUSE LLP<br>900 17th St. NW, Suite 605<br>Washington, D.C. 20006<br>Tel: 202-845-3215<br>jal@levyfirestone.com<br>rmc@levyfirestone.com<br>kcrenny@levyfirestone.com |

*Attorney for Fusion GPS, Peter Fritsch, and Glenn Simpson*

14

<table>
<tr><td>

/s/ Joshua Berman  
Joshua Berman  
CLIFFORD CHANCE US LLP  
2011 K Street, NW  
Washington, D.C. 20006  
Tel. (202) 912-5000  
Fax (202) 912-6000  
Joshua.Berman@CliffordChance.com  

/s/ Benjamin Peacock  
Benjamin Peacock  
CLIFFORD CHANCE US LLP  
New York, New York 10019  
Tel. (212) 878-8000  
Fax (212) 878-8375  
Benjamin.Peacock@CliffordChance.com

</td><td>

/s/ Adam Fels  
Adam Fels  
  (Fla. Bar No. 0114917)  
FRIDMAN FELS &  
SOTO, PLLC  
2525 Ponce de Leon Blvd.,  
Suite 750  
Coral Gables, FL 33134  
Tel. (305) 569-7701  
Afels@ffslawfirm.com

</td></tr>
</table>

*Attorneys for Bruce Ohr and Nellie Ohr*

/s/ Franklin Monsour Jr.  
Franklin Monsour Jr.  
MCDERMOTT WILL & SCHULTE LLP  
One Vanderbilt Avenue  
New York, NY 10017-3852  
Tel: (212) 547-5554  
fmonsour@mwe.com  

*Attorneys for Igor Danchenko*

15

/s/ Samantha L. Southall
Samantha L. Southall
BUCHANAN INGERSOLL & ROONEY PC
50 S. 16th Street, Suite 3200
Philadelphia, PA 19102
Tel: (215) 665 8700
Fax (215) 667 8760
samantha.southall@bipc.com

/s/ Jennifer Olmedo Rodriguez
Jennifer Olmedo Rodriguez
  (Fla. Bar No. 605158)
BUCHANAN INGERSOLL & ROONEY PC
2 South Biscayne Blvd.
Suite 1500
Miami, Florida 33131
Tel: (305) 347 4080
jennifer.olmedo-rodriguez@bipc.com

*Attorneys for Neustar, Inc.*

/s/ Allison S. Eisen
Allison S. Eisen
WILLIAMS & CONNOLLY LLP
680 Maine Ave, S.W.
Washington, D.C. 20024
Tel: (202) 434-5000
aeisen@wc.com

/s/ James E. Gillenwater
James E. Gillenwater
  (Bar No. 1013518)
GREENBERG TRAURIG P.A.
333 SE 2nd Ave., Suite 4400
Miami, FL 33131
Tel: (305) 579-0500
Fax: (305) 579-0717
gillenwaterj@gtlaw.com

*Attorneys for Neustar Security Services*

/s/ Steven A. Tyrrell
Steven A. Tyrrell
BROWN RUDNICK
1900 N Street NW, 4th Floor
Washington, D.C. 20005
Tel: (202) 536-1700
Fax: (202) 536-1701
styrell@brownrudnick.com

*Attorneys for Rodney Joffe*

16

/s/ Akiesha Gilcrist Sainvil
Michael Pratt
Akiesha Gilcrist Sainvil (Fla. Bar No. 1003260)
GREENBERG TRAURIG, P.A.
333 S.E. 2nd Avenue, Suite 4400
Miami, FL 33131
Tel: (305) 579-0500
Fax: (305) 579-0717
prattam@gtlaw.com
akiesha.sainvil@gtlaw.com

*Attorneys for Orbis Business Intelligence*

# CERTIFICATE OF COMPLIANCE
# WITH TYPEFACE AND WORD-COUNT LIMITATIONS

I, David E. Kendall, counsel for appellee Hillary Rodham Clinton and a member of the Bar of this Court, certify, pursuant to Federal Rule of Appellate Procedure 27(d)(2), that the attached Motion is proportionately spaced, has a typeface of 14 points or more, and contains 2,122 words.

*/s/ David E. Kendall*
David E. Kendall

FEBRUARY 17, 2026

## CERTIFICATE OF SERVICE

I, David E. Kendall, counsel for appellee Hillary Rodham Clinton and a member of the Bar of this Court, certify that, on February 17, 2026, I electronically filed the foregoing brief with the United States Court of Appeals for the Eleventh Circuit by using the appellate NextGen System. I certify that all participants in the case are registered NexGen users and that service will be accomplished by the appellate NextGen system.

*/s/ David E. Kendall*
David E. Kendall

FEBRUARY 17, 2026